## MONTGOMERY et al. VS. BIRGE.

1. **TAX SALE:**
   A tax deed which recites the sale of several tracts of land *en masse*, for a gross sum, is void.

2. **PURCHASER** *pendente lite:*
   One who takes a mortgage on land pending a suit to foreclose a vendor's lien thereon, and his assignees, are chargeable with notice of the lien.

APPEAL from *Chicot* Circuit Court in Chancery.

Hon. HENRY B. MORSE, Circuit Judge.

*C. H. Carlton* and *Dodge & Johnson*, for appellants.

*Cockrill*, *contra.*

ENGLISH, CH. J.:

From a badly made up transcript and confused pleadings, we gather the following material facts:

In September, 1859, James S. Montgomery sold the lands in controversy, situated in Chicot County, to H. P. Crute, for $15,-000, to be paid in New Orleans acceptances for $5,000 1st January, 1860, and like sums annually thereafter, etc., and gave him a bond to make title on the payment of the last installment.

For one of the installments, Crute drew a bill of exchange for $5,000 on Moore & Prowder of New Orleans, payable to his own order, sixteen months after date, and endorsed it to Montgomery. It was accepted by the drawees, but not paid at maturity, and protested for want of funds of the drawer.

Montgomery, the vendor, endorsed and delivered the bill to Montgomery & Hall, for value.

On the 13th of February, 1867, Montgomery & Hall filed the original bill in this case, in the Chicot Circuit Court, against Montgomery and Crute, claiming the benefit of the vendor's lien upon the lands, and praying a decree for the amount of the bill and interest, and a condemnation and sale of the lands for satisfaction, etc.

Appended to the bill was an affidavit that the defendants were non-residents of the State, and on the filing of the bill, an order of publication was made. They afterwards appeared and interposed some pleadings, but no question arises between them and the original plaintiffs on this appeal.

At the October term, 1869, Lewis F. Birge, on his own application previously filed, was made a defendant to the bill, and filed an answer and cross bill.

The substance of the cross matter set up is, that on the 13th of April, 1867, James S. Montgomery (Crute's vendor) mortgaged to F. T. and F. G. Schlessenger, of New Orleans, the whole of sec. 18 and the west half of sec. 19, being the greater part of the lands described in the bill, to secure the payment of a note for $1,700, on that day executed to said Schlessengers by James S. Montgomery, payable on the 1st of March, 1868. That afterwards, the Schlessengers sold and delivered said note and mortgage, for value, to cross complainant Birge. That he purchased the same without any notice of the lien of the original plaintiffs (Montgomery & Hall) upon the lands. That the title bond given by James S. Montgomery to Crute was not recorded, etc.

By answer to the cross bill original plaintiffs allege that if Birge had not actual notice of their lien on the lands when he purchased the note and mortgage, they were executed two months after the institution of the original suit, and while it was pending, and that the Schlessengers, and Birge, claiming under them, were incumbrancers *pendente lite*, and, hence, chargeable with notice of their lien.

And by supplement to the original bill, plaintiffs alleged that on the 18th day of June, 1866, all of the lands were sold for the non-payment of taxes for the year 1865, and purchased by one Craig, who obtained the collector's certificate of purchase, and,

after the commencement of the suit, assigned it to them, and that on the 10th of December, 1867, the collector made them a deed, which is exhibited.

By answer to supplement, Birge controverted the validity of the tax deed, etc.

On the final hearing, the court held the tax deed invalid, and rendered a decree in favor of Birge against James S. Montgomery for the amount of the note secured by the Schlessenger mortgage, and condemned the lands embraced in the mortgage to be sold to satisfy the decree, from which decree Montgomery & Hall, the original plaintiffs, appealed.

*First*—It is sufficient to say of the tax deed relied on by appellants, that it is void on its face. It recites the sale of all of the lands, a number of tracts in different sections, amounting to 960 acres, *en masse*, for the sum of $56.06, the gross amount of taxes, penalties, and costs charged upon the whole of them. *Pettus & Glenn* v. *Wallace et al.*, 29 Ark., 486 ; *Pack* v. *Crawford et al.*, id., 489.

*Second*—Under the statute regulating chancery practice in force when this suit was instituted, (Gould's Dig., Ch. 48), the suit was commenced by the filing of the bill, and the issuance of a subpœna, and, upon an affidavit that the defendants were non-residents, as in this case, taking an order of publication.

The bill was filed, and the order of publication made 13th of February, 1867, and the Schlessenger mortgage, under which appellee claims, was not executed until the 13th of April following, when the suit of appellants to foreclose their vendor's lien for purchase money upon the lands embraced by the mortgage, was pending, and had been for about two months.

The Schlessengers having taken the mortgage of James S. Montgomery, one of the defendants, and transferred it to appellee pending the suit, he, like the mortgagees, is chargeable with

notice of appellants' lien on the lands, which the bill sought to enforce, and does not stand in the attitude of an innocent purchaser.

*Whiting* v. *Beebe*, 12 Ark., 421; *Ashley* v. *Cunnningham*, 16 Ark., 175; *Merrick* v. *Hutt*, 15 Ark., 344; *Lytle* v. *State*, 17 Ark., 609; *Holman* v. *Patterson's Heirs*, 29 Ark., 359; *Pindall et al.* v. *Trevor et al.*, 30 Ark., 266.

The decree in favor of appellee must be reversed, and the cause remanded for further proceedings.