Hale v. Warner, Ad., et al.

## HALE v. WARNER, AD., ET AL.

36  217
57  231

1. BONA FIDE PURCHASER: *Purchaser pendente lite bound by the decree.*
   One who purchases land pending a suit against his vendor to enforce a
   former vendor's lien upon it for his purchase money, is bound by the
   decree in the suit though not a party to it.

2. PRACTICE: *When a suit is commenced.*
   The filing of a complaint is not the commencing of a suit; there must also
   be a writ issued, or publication made, or the appearance of the defendant
   entered.

3. PRACTICE IN EQUITY: *When default decree may be entered: Service
   of summons, when presumed.*
   A decree by default can not be rendered unless the defendant has been
   served with process twenty days before the commencement of the term;
   but when the decree recites that it appeared to the court that the de-
   fendant had been duly summoned, and there is no showing to the con-
   trary, this court will not presume that the decree was prematurely
   rendered.

APPEAL from *Drew* Circuit Court.
Hon T. F. SORRELLS, Circuit Judge.

*F. W. Compton,* for appellants:
No *lis pendens* without process. *Gantt's Digest, sec.* 4503;
5th *Eng.,* 479; 13 *Ark.,* 36.

*W. T. Wells, W. S. Cain,* for appellees:
Cited and relied on 29 *Ark.,* 357; *Story's Eq. Pl., sec.*
35, *a.*

ENGLISH, C. J. This was a bill for injunction determined
on the chancery side of the circuit court of Drew county.

The case made by the bill is, that on the sixteenth of
January, 1873, David Hoke sold and conveyed by absolute
deed, with covenants of warranty, to Isaac N. Hoke, for

the consideration of $1,000, expressed in the deed to have been paid in cash, a tract of land in Drew county, which is described.

That afterwards David Hoke died, and letters of administration, with his will annexed, were granted by the probate court of Prairie county, where he resided before his death, to Charles E. Warner.

That on the ninth of February, 1878, complainant, A. B. Hale, purchased of Isaac N. Hoke the same tract of land for $600 in cash, and he and his wife conveyed the land to complainant by fee simple deed with general covenants of warranty.

That on the ninth of January, 1878, Charles E. Warner, as administrator of David Hoke, deceased (who is made defendant), filed a bill on the chancery side of the circuit court of Drew county against Isaac N. Hoke to enforce a vendor's equitable lien upon the land for $227.31, claimed to be due, as balance of purchase money, from Isaac N. Hoke to the estate of David Hoke; that Isaac N. Hoke made no defense to the bill, and on the twentieth of February, 1878, a decree was rendered against him for $343.16, as for balance of purchase money due on the land, and the land condemned to be sold on the fourth Monday of April, 1878, by a special commissioner, to satisfy the decree, who was proceeding to execute it.

That before complainant, Hale, purchased the land, Isaac N. Hoke exhibited to him the deed from David Hoke to himself, and assured complainant that the entire purchase money had been paid, as acknowledged in the deed, and he so understood when he purchased the land as aforesaid.

That it would appear from the note filed in the suit of Warner as administrator, etc., against Isaac N. Hoke, and the credits thereon, that the decree should have been but

for $125, instead of $343.16. A copy of the decree, and copies of the deeds above referred to are made exhibits.

That in the year 1873, David Hoke and Isaac N. Hoke had a full settlement, and it was agreed in the presence of witnesses that the latter only owed the former $80, and he gave him a note for that sum, and David Hoke promised to deliver up or destroy the note filed in the suit of Warner, ad., etc., against Isaac N. Hoke, and it was understood to have been done, and complainant believing, when he purchased the land, that settlement had been made, and that the original note for purchase money had been entirely paid, except said sum of $80, and that it had also been paid, and the deed from David Hoke to Isaac N. Hoke acknowledging full payment of the purchase money, he purchased the land of Isaac N. Hoke, and took his conveyance as aforesaid.

That complainant had no notice of the pendency of the suit of Warner ad., etc., against Isaac N. Hoke, or the decree therein, until the land was advertised for sale by the commissioner; that Isaac N. Hoke had no interest in the land; that complainant was the only party interested in it; and that he would be able to show the purchase money from Isaac N. Hoke to David Hoke had been paid, and that the decree was fraudulent and void.

Prayer that the sale of the land be enjoined, etc.

A temporary injunction was granted on the filing of the bill.

Warner as administrator of David Hoke answered the bill. It is not material to state more of the answer than such parts of it as set up the defense that complainant purchased the land *pendente lite.*

The answer denies that the suit of Warner, ad., etc., against Isaac N. Hoke was commenced on the ninth of January, 1878, as alleged in the bill, and avers that it was

commenced on the ninth of June, 1877, "as will fully appear by reference to the papers now on file in this court in said suit?"

Avers that when complainant purchased said land of Isaac N. Hoke, ninth of February, 1878, and long prior thereto, said suit was pending in the circuit court of Drew county to enforce the lien of David Hoke's estate upon the land for purchase money, that complainant was charged by law with notice of the pendency of the suit, and bound by decree, etc. Denies the alleged settlement, etc., between David Hoke and Isaac N. Hoke, etc.

The record states that the cause was heard upon the pleadings, exhibits and testimony, and that the court dissolved the interlocutory injunction, and dismissed the bill for want of equity, and complainant appealed.

From a bill of exceptions taken by appellant, it appears that he introduced, at the hearing, two witnesses, whose testimony tended to prove the settlement between David Hoke and Isaac N. Hoke alleged in the bill.

If the papers in the case of Warner, administrator, etc., against Isaac N. Hoke, were read in evidence, it is not made to appear in the bill of exceptions. The copy of the decree in that case made an exhibit to appellants' bill, is all of that case we have before us, except the allegations of the bill and answer in this case, relating to that case.

It is alleged by the bill in this case that appellee filed the bill in that case on the ninth of January, 1878, but nothing is said of the issuance of a writ.

Appellee denied, in his answer, that that suit was commenced on the ninth of January, 1878, and alleged that it was commenced on the ninth of June, 1877, and was pending when appellant purchased the land, as would appear by the papers on file in court, in that suit. The answer admit-

ted that the decree made an exhibit to the bill, was rendered as therein stated.

The decree appears to have been rendered on the twentieth of February, 1878, and recites that the plaintiff, Warner, administrator, etc., appeared by attorney, and it appearing to the court that the defendant, Isaac N. Hoke, had been duly summoned, and failed to appear or in any manner plead to plaintiff's complaint, etc., then follows a decree for the debt, appearing to the court to be due, etc., the condemnation of the land to be sold, etc., to satisfy the decree, etc.

Appellant, not being a party to the suit in which the decree was rendered, was not bound by it, and might, as he attempted, go back of it, and show that he was an innocent purchaser, or that his vendor, Isaac N. Hoke, had paid his vendor, David Hoke, for the land, unless appellant purchased the land of Isaac N. Hoke while the suit of appellee, as David Hoke's administrator, was pending to enforce against the land a lien for purchase money. If he so purchased, he was bound by the decree.

1. Purchaser *pendente lite*, bound by the decree.

The suit was not commenced, and not pending, until the bill was filed and a writ was issued, or publication made, or defendant's appearance entered. *Montgomery et al. v. Birge, 3 Ark., 493, and cases cited.*

2 PRACTICE: When a suit is commenced.

The decree was rendered on the twentieth of February, 1878, and recited that it appeared to the court that the defendant therein had been duly summoned, and the decree was by default. Being a suit in equity, the court could not legally have entered a decree by default against the defendant, upon less than twenty days' service of the writ before the beginning of the term (*Gantt's Digest, sec. 4584*), and we will not presume that the court disregarded the statute, and rendered the decree prematurely, when the decree recites that it appeared to the court that the defendant had

3. ——: When default decree may be entered: Service of summons, when presumed.

been duly summoned, and there is no showing to the contrary.  There is a presumption in favor of the regularity of the judgments and decrees of courts of general jurisdiction.

Appellant purchased the land on the ninth of February, about ten days before the decree, and it follows that the writ must have been issued before his purchase, or the defendant could not have been "duly summoned" before the decree by default.

We think it appears from the record before us, with reasonable certainty, that appellant purchased pending the suit, and was concluded by the decree, and that the court below did not err in dismissing his bill for want of equity.

Affirmed.