BURLESON *v.* McDERMOTT.

Opinion delivered February 4, 1893.

*1.* Lis pendens—*Commencement of suit.*

Under Mansf. Dig. sec. 4967, the lien of a *lis pendens*, as to third person as well as the parties, begins when a complaint is filed and a summons is issued thereon.

*2. Purchaser pending suit bound by decree.*

One who purchases land pending a suit against his vendor to enforce a lien thereon is bound by the decree that may be rendered against such vendor.

Appeal from Johnson Circuit Court.

JEREMIAH G. WALLACE, Judge.

The appellant *pro se.*

1. An unrecorded mortgage is not binding upon third persons, though they have actual knowledge of its existence. 9 Ark. 112; 20 *id.* 190; 33 *id.* 203; 40 *id.* 536; 22 *id.* 136.

2. The doctrine of *lis pendens* applies to suits to foreclose a vendor's lien. 16 Ark. 175; 29 *id.* 357; 31 *id.* 491.

3. As Brown took his mortgage after the complaint was filed and summons issued, he was a purchaser *pendente lite.* Mansf. Dig. sec. 4967; 31 Ark. 491; 11 Am. St. Rep. 848; 19 Pacific Rep. 532; 25 *id.* 963; Bennett on *Lis Pendens*, secs. 64, 65; 6 Am. St. Rep. 760.

*A. S. McKennon*, for appellees.

Brown was not a purchaser *pendente lite.* Sec. 4967 Mansf. Dig. controls questions of limitation merely. See secs. 4497–8–9, 4500, 4502. The doctrine of *lis pendens* remains as at common law. Sec. 6363. See 11 Am. St. Rep. 848; 39 Am. Rep. p. 487 and note; 9 Paige, Chy. 513; Hempst. 213; 13 Am. & Eng. Enc. Law, 883. Common law rule was that the *lis pendens*

began when the service of the subpœna was had.   See also 14 Am. Dec. 766; 1 Story, Eq. Jur. sec. 405; Jones on Real Est. Mortg. vol. 1, sec. 559; Mansf. Dig. sec. 671.

1. As to commencement of suits.
BATTLE, J.   A stranger to an action in chancery was not affected by it, at common law, because of purchases made or liens acquired by him prior to the time when the subpœna was served on the defendants, and the bill was filed.   Until then he could purchase the property in litigation, or acquire liens thereon, without being subject to the decree that might be rendered in the suit, or being affected by it.   Until then there was no *lis pendens* as to him.   But after this, if he purchased or acquired liens from a party to the action while it was pending, he was, as to the property, bound by the decree that was rendered against such party.   *Murray* v. *Ballou*, 1 Johns. Ch. 566; *Hayden* v. *Bucklin*, 9 Paige, 512.

One of the objects of this rule, in fixing the time when it should take effect, manifestly was to enable strangers to suits in chancery, by means of the bills filed therein, to ascertain whether the property, about which they desire or intend to contract, is involved in such suits, and to afford them an opportunity to acquire the information before contracting.   At the time it was adopted, it was not necessary to file the bill until the subpœna for the defendant was issued and served.   Hence its operation was postponed until after the service of the subpœna.   *Hayden* v. *Bucklin*, 9 Paige, 512.

But it is said that the rule as stated prevailed, without modification, in England after the enactment of 4 Anne, chap. 16.   Bennett on *Lis Pendens*, sec. 51a.   This may be true.   But that statute, except in a few actions named, prohibited the issue of any subpœna, or other process for appearance, out of any court of equity, till after the bill was filed with the proper officer.   It merely made a change in the order of the filing of the bill, but

made none in the proceedings necessary to commence an action.

But it has been modified in this State. Under our statutes a *lis pendens*, as to third persons as well as the parties, begins when a complaint is filed and a summons is issued thereon. Mansfield's Digest, sec. 4967. When this is done, the complaint becomes a record of the court, and a notice to all persons of its contents and the object of the suit. Its filing affords an opportunity to all concerned to know the scope of the litigation thereby commenced and the property involved. The service of the subpœna, which was made necessary at common law by reason of the position it occupied in the order of proceedings in an action, has passed out and ceased to exist as one of the prerequisites to the creation of a *lis pendens* in this State, there being no necessity for it in that respect. It is neither necessary to begin the action nor to give notice to third persons of its scope, object or nature, the statute having imposed the whole of that office upon the complaint and the issue of the summons. Hence it is not necessary to create a *lis pendens* as to third persons. *Cessante ratione legis, cessat ipsa lex. Rothchild's Adm'r* v. *Kohn*, 19 S. W. Rep. 180 ; Bennett on *Lis Pendens*, secs. 64, 65, 66.

If a stranger, therefore, purchases property involved in litigation in an action in chancery, or acquires a lien thereon, from one of the parties, after it has been commenced by the filing of the complaint and the issue thereon of the summons, during its pendency, he is bound by the decree that may be rendered against the party under whom he claims. He acquires no interest by his purchase or lien which he can set up or assert to defeat the decree rendered in favor of the other parties or prejudice their rights. *Whiting* v. *Beebe*, 12 Ark. 564, 566 ; *Montgomery* v. *Birge*, 31 Ark. 491 ; *Hale* v. *Warner*, 36 Ark. 217.

2. Purchaser pending suit bound by decree.

In this case the defendant, McDermott, mortgaged land to his co-defendant, Brown, after the plaintiff, Burleson, had commenced an action against him (McDermott) and one Baugh to enforce a vendor's lien against the same and while it was pending. Burleson prosecuted the suit without unnecessary delay, and recovered a decree therein condemning the property to be sold to satisfy the lien, and by the execution of the decree acquired title thereto. Brown sold the same property in pursuance of the power of sale in his mortgage, and purchased it. As against the mortgage, sale and purchase of Brown, Burleson is entitled to judgment for the land.

The judgment of the circuit court is therefore reversed, and the cause is remanded, with directions to the court to enter a judgment in accordance with this opinion.