### SATCHFIELD *v.* LACONIA LEVEE DISTRICT.

Opinion delivered February 18, 1905.

1. COMPROMISE—CONSIDERATION.—That a claim is disputed is sufficient consideration to support a compromise, even though the claim be without merit or foundation. (Page 271.)

2. SAME—EFFECT.—A voluntary settlement of a disputed or litigated matter is conclusive, in the absence of fraud or duress. (Page 272.)

3. SAME—DURESS.—A complaint alleged that plaintiffs owned certain land and cut the timber therefrom; that defendant brought an attachment suit against plaintiffs and seized said timber; that plaintiffs were compelled either to go to the expense and trouble of giving bond to retain possession and of employing counsel, or to submit to the terms of settlement offered by defendant; and that plaintiffs were unable to employ counsel, and paid the illegal exaction of defendant, of which a recovery was sought. *Held*, that the complaint did not allege duress, as one cannot be heard to say that he had the law with him, but feared to meet his adversary in court. (Page 272.)

Appeal from Desha Circuit Court, Arkansas City District.

ANTONIO B. GRACE, Judge.

Affirmed.

*W. A. Compton,* for appellants.

Peaceable possession will support allegation of ownership as against one who disturbs without right. 37 Ark. 32; 6 Rand. 457; Cooley, Torts, 436. A misjoinder of parties can only be

reached by a motion to strike.  36 Ark. 191 ; 41 Ark. 254.  The complaint was sufficient.  25 Ark. 436; 29 Ark. 448.

*F. M. Rogers,* for appellee.

Satchfield cannot recover because he voluntarily paid to have the timber released and received a valuable consideration for his money.  43 Ark. 172; 46 Ark. 217.

HILL, C. J.  L. A. Fitzpatrick in his own right, and as representative of the heirs of J. C. O. Smith, and J. M. Satchfield filed their complaint at law against the appellee Levee District in Phillips Circuit Court, alleging in substance: That Fitzpatrick and the other heirs of Smith owned a certain described tract of land, and sold the timber on the land at certain prices and on certain terms, set forth in a contract exhibited as part of the complaint, to plaintiff Satchfield. That Satchfield under this contract cut from the lands a large amount of timber, upon which there was due a certain sum (left blank) to the Smith heirs, according to the terms of the contract.  That the Levee District brought an attachment suit against Satchfield, and obtained an order of delivery for this timber, and the timber was taken from his possession under said order.  And further alleged: "He was compelled either to go to the expense and trouble of giving bond to retain possession, and of employing counsel to defend said suit, or to submit to the terms of settlement offered by defendant." That he was unable to give bond and employ counsel, "and paid the illegal exactions of defendant, and paid said defendant the sum of $1,043.28 in order to release said timber from attachment."  Then the complaint alleges that defendant was not the owner of the land from which the timber was cut, and it was a "trespasser" in said attachment. The prayer was for the recovery of the sum paid, part being for the Fitzpatrick interests under the contract and the other for Satchfield, and that Satchfield recover the further sum of $500 for his damages sustained by reason of the illegal levy of said attachment."  A demurrer was sustained to this complaint, and the plaintiffs (appellants), standing on the complaint, appealed.

The compromise of a disputed claim furnishes a sufficient consideration to uphold the terms of such compromise, even though the asserted claim is without merit or foundation. *Mason* v. *Wilson,* 43 Ark. 172.

The voluntary adjustment of a matter in dispute or litigation, even when protesting against it, effectually terminates the question or litigation, in the absence of intimidation, fraud or concealment producing such settlement. *Springfield & Memphis R. Co.* v. *Allen*, 46 Ark. 217.

There are no allegations in this complaint of fraud or concealment, and the facts alleged do not amount to intimidation or duress. The facts stated—that the appellees had no title to the timber, but took it under legal process asserting title thereto, thereby compelling appellant to submit to the terms of settlement offered or go to the expense and trouble of giving bond and employing counsel to defend the suit, and, being unable to give the bond and employ counsel, he paid $1,043.28, in order to release the property—do not amount to compulsion, intimidation or duress. In *Vick* v. *Shinn*, 49 Ark. 70, the facts were that payment of an excessive demand was made under protest to avoid the taking of property under a mortgage to be sold in satisfaction of the claim asserted against it, and the party then protested against the exaction, but paid it to protect the property; at the same time asserting that he would sue to recover the amount then paid, which he claimed was in excess of the true debt. The court, through Chief Justice Cockrill, said: "There was no compulsion, in a legal sense. * * * If there is in fact a cause of action when the threat (to sue) is made, the plaintiffs by bringing suit would only enforce a legal right; if there was no cause of action, or a demand for more than is due, the party threatened should exercise the ordinary degree of firmness which the law presumes every man to possess, and meet the issue of the unjust suit. One cannot be heard to say that he had the law with him, but feared to meet his adversary in court." This doctrine is reiterated and approved in *Shirey* v. *Beard*, 62 Ark. 621. This effectually answers the contention of the appellants in this case. Satchfield was in court, where he could have defended his rights, but he had $1,000 for tribute and not a cent for defense, and now asks the court to rectify his improvident compromise. This will not be done; for, as said in the *Vick* v. *Shinn, supra*, "it is only when he has no chance to be heard that he can pay under protest and afterwards recover," and it was a voluntary, free settlement of the issues involved.

The landowners, even if properly before the court, have no cause at all. They sold the timber to Satchfield, and must look to Satchfield for their pay. If the appellee had taken it away, then there might have been an excuse for joining it; but the appellee surrendered its claim to Satchfield upon his payment of the amount agreed upon, leaving Satchfield in full possession of the timber under the terms of the contract, and hence its rights have in no wise been diminished by Satchfield's compromise.

The judgment is affirmed.