TANCRED *v.* FIRST NATIONAL BANK OF FORT SMITH.

Opinion delivered October 22, 1917.

VOLUNTARY PAYMENTS—CAN NOT BE RECOVERED.—When a person without a mistake of fact, or fraud, duress or coercion, pays money on a demand which is not enforceable against him, the payment is deemed voluntary, and can not be recovered.

Appeal from Sebastian Chancery Court, Fort Smith District; *Wm. A. Falconer,* Chancellor; affirmed.

*J. Sam Wood* and *Read & McDonough,* for appellant.

1. The decision of this court on the former appeal is conclusive as to the $200 interest paid. 124 Ark. 154; 118 *Id.* 558; 94 *Id.* 183; *Ib.* 329; 117 *Id.* 560; 120 *Id.* 61.

2. Appellant's complaint entitled him to judgment for the $200. The prayer for general relief was sufficient. 4 Ark. 302; 17 *Id.* 113; 15 *Id.* 555; 19 *Id.* 62; 39 *Id.* 531; 20 *Id.* 322; 74 *Id.* 93; Jones on Mortg., § 71; 66 Ark. 374; 4 Johns. Chy. 123.

3. It was the duty of the bank to preserve the security placed in its hands for the benefit of the surety. 50 Ark. 229; 6 S. W. 906; 13 Ark. 214, 219; 48 *Id.* 442.

*H. C. Mechem,* for appellee.

1. The decision on the former appeal does not settle this case. It only released him from the $5,000 note. 180 Ill. 259; 49 Ia. 664; 34 Mech. 129; 32 S. E. 732; 50 Pac. 123; 24 S. W. 837; 1 Dec. Dig., § 755.

2. If Tancred had specifically demanded judgment originally for the $200 he was not entitled to it on the record and would have been denied it by the trial court. He paid the $200 voluntarily. 23. Ark. 530; 57 *Id.* 544; 20 N. Y. 306.

HART, J. This is the second appeal in this case. The opinion on the first appeal will be found in 124 Ark., page 154, under the style of *Tancred* v. *First National Bank of Fort Smith.* The firm of Harper & Wilson was indebted to the First National Bank in a large sum of money which was secured by a mortgage on real estate. Harper died and M. T. Tancred, who is Mrs. Harper's brother, became indebted to the bank in the sum of $5,000. It was the contention of the bank that Tancred borrowed the money from it and then loaned it to his sister, Mrs. Harper, and Wilson, the surviving partner of Harper & Wilson. It was the contention of Tancred that he was only a surety on the note to the bank and a mortgage was taken by him from his sister to secure himself. Harper & Wilson had already given a mortgage on the same property to the bank. The bank instituted an action in the chancery court to foreclose its mortgage and Tancred was made a party to that suit. He filed an answer and cross-bill in which he sought to have the $5,000 note canceled on the ground that he had become released therefrom as surety by the action of the bank in releasing Mrs. Harper as principal. Mrs. Harper had been released from certain portions of the debts secured by the mortgage to the bank in consideration that she would not renounce the will of her deceased husband and claim dower in his estate.

In the opinion on the former appeal the court held that under the circumstances of the case the release of Mrs. Harper operated as a discharge of Tancred from

liability on the $5,000 note, whether he be treated as a surety according to the real purport of the transaction, or whether he be treated as a joint maker of the note according to the face thereof. The decree was reversed with directions to the chancery court to enter a decree in favor of Tancred. Upon the remand of the case Tancred asked judgment for $200, which he had formerly paid as interest on the $5,000 note. The court denied the relief sought by Tancred and he has again appealed to this court.

The court was right in refusing a recovery against the bank in favor of Tancred for the $200 interest paid by him. The bank claimed that Tancred was a principal on the $5,000 note, and if so, he owed the bank the interest on the note. It does not make any difference that the court afterwards held that he was discharged from all liability on the note by the release of Mrs. Harper. He made the payment of the interest with the knowledge of all the facts. The rule is well settled that when a person, without mistake of fact, or fraud, duress or coercion, pays money on a demand which is not enforceable against him, the payment is deemed voluntary, and can not be recovered. *Ritchie* v. *Bluff City Lumber Co.,* 86 Ark. 175; *Banks* v. *Walters,* 95 Ark. 501, and *Blackburn* v. *Texarkana Gas & Electric Co.,* 102 Ark. 155.

It follows that the decree will be affirmed.