## CRAIG *v.* FRAUENTHAL.

Opinion delivered September 27, 1920.

ATTORNEY AND CLIENT—DUEBILL—DURESS.—Where defendant gave to plaintiffs a duebill for legal services in foreclosing a mortgage, defendant was liable, though plaintiffs had agreed to act in the foreclosure proceeding without fee, and though they had threatened to block the settlement of the foreclosure proceeding unless the duebill was given; there being no duress.

Appeal from Prairie Circuit Court, Northern District; *George W. Clark,* Judge; affirmed.

Appellees sued appellant upon a duebill, which reads as follows:

"DeValls Bluff, Ark., Nov. 27, 1918.

"Due Samuel Frauenthal and J. G. Thweatt $250 for legal services rendered in the foreclosure suit of myself as treasurer of Prairie County v. Joe Skarda *et al.*

"(Signed)   Geo. Craig."

Appellant defends on the ground of a want of consideration, and that the due bill was procured by duress. The facts are as follows:

The appellant, George Craig, was the treasurer of Prairie County, Arkansas, and had on deposit the sum of $12,256.99, belonging to the county, in the Bluff City Bank at DeValls Bluff, Arkansas, at the time said bank failed in March, 1913, and was placed in the hands of a receiver. J. G. Thweatt was attorney for the receiver and also for some of the officers of the bank. The president, the cashier, and one of the directors executed a mortgage on their individual property to secure the indebtedness due by the bank to the county. The mortgage was drawn up by J. G. Thweatt, and Craig was informed of its execution and that it had been duly filed for record.

According to the testimony of Craig, when the mortgage became due, he asked that it be foreclosed on the power of sale contained in the mortgage. Mr. Thweatt advised that there should be a foreclosure in the chancery court. Craig objected on the ground that it would cost him something. Thweatt told him that it would not cost him anything, and Craig then directed Thweatt to go ahead and institute the foreclosure proceedings. In the latter part of November, 1916, after the mortgage had been foreclosed and the court was about to wind the matter up, Thweatt asked Craig to pay him $250 as an attorney's fee in the foreclosure proceedings. Craig objected, Thweatt then told Craig that the bank could not pay his fee, and that he expected Craig to pay it. Craig told Thweatt that this was not according to their agreement,

and that he did not think that Thweatt was treating him fair. Thweatt told him that he could block the settlement, and that he would do so if his fee was not paid. Thweatt told Craig that if he would give him a duebill he would go ahead with the settlement. Under these circumstances, Craig executed the duebill sued on, because he knew that Thweatt might block the settlement. At the conclusion of the testimony the court directed a verdict in favor of the appellees, and the case is here on appeal.

*Emmet Vaughan,* for appellant.

1. The court erred in directing a verdict. 38 Cyc. 1565-7. There was duress in obtaining the duebill and it was never ratified or confirmed; the testimony shows. 105 Ia. 521; 79 Kan. 643; 28 So. Rep. 191; 76 Ark. 479; 64 *Id.* 217; 58 *Id.* 20; 26 Me. 84; 113 Mass. 291; 1 Clark & Skyles, Agency, p. 327.

2. There was no consideration for the duebill. Thweatt was not employed by Craig to foreclose the mortgage, but he agreed to foreclose at no cost to Craig, and he is bound by his promise, and the duebill was obtained by duress.

*W. A. Leach* and *Frauenthal & Johnson,* for appellees.

1. Under the law and the testimony of appellant himself, there is no proof of a want of consideration for the duebill. The duebill itself is evidence that it was executed for a consideration, and the law so presumes. The compromise of a disputed claim is a sufficient consideration for a note. 21 Ark. 70; 74 *Id.* 270; 46 *Id.* 217; 99 *Id.* 588; 105 *Id.* 638.

2. Under the undisputed testimony, appellees performed valuable services for appellant, which he accepted and received the benfits thereof, and these services were reasonably worth $250, and the duebill was executed in settlement of a dispute—a compromise—and no duress was proved. 18 Ark. 215; 26 *Id.* 280; 49 *Id.* 70; 99 *Id.* 588; 11 Otto 465.

HART, J. (after stating the facts). The court was right in directing a verdict in favor of appellees. Appellant gave the duebill to appellees in compromise of a claim asserted against him. His acts in executing the duebill may have been ill advised, but it was not duress. It is true that duress is a species of fraud; but the mere fact that Thweatt threatened to break up the settlement unless Craig paid him his attorney's fee, which he was claiming in the foreclosure proceedings, or signed a duebill therefor, will not avoid liability on the duebill which was executed as a compromise agreement. The payment was not compulsory. The parties were on equal terms. Craig had his choice. He could either sign the duebill for the attorney's fee claimed by Thweatt, or he could have carried the matter before the chancery court in the foreclosure proceedings and have settled the matter then. *Vick v. Shinn,* 49 Ark. 70, and *Odell & Kleiner v. Heinrich,* 143 Ark. 435, and cases cited.

The principles of law governing cases of this character were well stated by Chief Justice COCKRILL in *Vick v. Shinn, supra,* as follows: "If there is in fact a cause of action when the threat is made, the plaintiff, by bringing suit, would only enforce a legal right; if there was no cause of action or a demand for more than is due, the party threatened should exercise the ordinary degree of firmness which the law presumes every man to possess, and meet the issue of the unjust suit. One can not be heard to say that he had the law with him, but feared to meet his adversary in court. It is only when he has no chance to be heard that he can pay under protest and afterward recover."

It follows that the judgment will be affirmed.