COMMONWEALTH BROKERAGE COMPANY *v.* OIL FIELDS
CORPORATION.

Opinion delivered July 11, 1927.

1. CORPORATIONS—AUTHORITY OF PRESIDENT.—Where, without authority, the president of a corporation, whose duty it was to sell interests in oil and gas leases held by the corporation, hired another corporation, stock of which was owned by him and his associates, to sell such property, the latter company could not recover against the former company in a receivership proceedings.

2. PAYMENT—RECOVERY OF VOLUNTARY PAYMENTS.—Where the board of directors of a corporation did not authorize another corporation to advance money for it to be used in satisfying its payroll, or for other purposes, the action of the president of both companies in paying out of the second company's funds sums of money to pay debts of the first corporation on demands which were not enforceable against the second corporation, was deemed voluntary, and money so paid could not be recovered by the latter company.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

STATEMENT OF FACTS.

In a suit instituted in the chancery court by those beneficially interested in the Oil Fields Corporation, a receiver was duly appointed to take charge of the property of said corporation for the purpose of winding up its affairs. The Commonwealth Brokerage Company

filed with the receiver a claim against the Oil Fields Corporation in the sum of $6,442.26.

Gordon Ingalls, Robert Edmond Ingalls, his brother, John Dashko, and Kenneth Forbes, during the years 1921-1923, inclusive, were engaged in promoting four common-law trusts in Ouachita County, Arkansas, for the purpose of buying and selling oil leases and interests therein. Gordon Ingalls was trustee for three of these common-law trusts, and John Dashko was trustee for the remaining one. The Oil Fields Corporation was organized under the laws of the State of New Jersey, and Gordon Ingalls was its president. Robert Edmond Ingalls and John Dashko were made vice-presidents, and Kenneth Forbes became secretary and treasurer of said corporation. The Commonwealth Brokerage Company was an Arkansas corporation, and was organized by Gordon Ingalls, Robert Edmond Ingalls, John Dashko and Kenneth Forbes. Gordon Ingalls owned seventy per cent. of its stock, and his other three associates owned ten per cent. each. Gordon Ingalls directed the management of the affairs of both corporations. The Commonwealth Brokerage Company was organized for the purpose of selling interests in oil leases for a commission, and the principal business transacted by it was in selling leasehold interests for the Oil Fields Corporation after it had been organized by consolidating the four common-law trusts above referred to. Other facts will be stated in the opinion.

The chancellor found that the Commonwealth Brokerage Company had been guilty of fraud in dealing with the four trust estates above mentioned, and, for this reason, was not entitled to recover its claim filed with the receiver of the Oil Fields Corporation. A decree was entered rejecting the claim of the Commonwealth Brokerage Company in accordance with the finding of the chancellor, and to reverse that decree this appeal has been prosecuted.

*Powell, Smead & Knox,* for appellant.

*Albert L. Wilson,* for appellee.

HART, C. J., (after stating the facts). We are of the opinion that the decree of the chancellor was correct.

In the first place, the evidence in the record shows that Gordon Ingalls and his associates, who organized the Commonwealth Brokerage Company and who owned all of its stock, were the managers of that corporation and also of the Oil Fields Corporation. Gordon Ingalls was the president of both corporations and managed the affairs of both of them. He was assisted by his associates, who owned the remaining stock in the Commonwealth Brokerage Company. No authority was ever given Gordon Ingalls or his associates by the Oil Fields Corporation to employ brokers to sell the interests of the common-law trust who composed that corporation, and there was no necessity for them to do so. Gordon Ingalls was president and manager of the Oil Fields Corporation, and it was his duty to sell the interests in the oil and gas leases held by the corporation. His pretended employment of the Commonwealth Brokerage Company for that purpose resulted merely in hiring himself and his associates to do what it was their duty to do under the positions held by them in the Oil Fields Corporation.

In the second place, the claim of the Commonwealth Brokerage Company was properly disallowed for another reason. As we have already seen, the board of directors of the Oil Fields Corporation did not authorize the Commonwealth Brokerage Company to act as its agent in selling oil leases or any interests therein, nor did it authorize the Commonwealth Brokerage Company to advance any money for it to be used in satisfying its payroll or for any other purpose. Hence the action of Gordon Ingalls in paying out of its funds sums of money to be used in paying the debts of the Oil Fields Corporation was a voluntary payment merely, and the Oil Fields Corporation cannot be held liable for such payment. The rule is well settled that, when a person or corporation, without mistake of fact or fraud, pays money on a demand which is not enforceable against him, the payment is deemed

voluntary, and cannot be recovered. *Donaghey* v. *Williams,* 123 Ark. 411, 185 S. W. 778; and *Tancred* v. *First National Bank of Fort Smith,* 130 Ark. 520, 197 S. W. 1178.

A cross-appeal was granted the Oil Fields Corporation on the theory that the chancellor had erred in not giving it judgment against the Commonwealth Brokerage Company for certain funds belonging to the common-law trusts above mentioned and which had been secretly appropriated by Gordon Ingalls and his associates. An examination of the record shows that no such judgment appears in the transcript. Hence there is nothing for review on the cross-appeal.

It follows that the decree of the chancellor will be affirmed.