NAYLOR v. McNAIR.

Opinion delivered November 15, 1909.

1. CIRCUIT COURTS—JURISDICTION OF LIEN ON LAND.—A suit for the recovery of a sum less than one hundred dollars is within the original jurisdiction of the circuit court if it involves the decision of the question whether the amount sued for is a lien upon land. (Page 349.)

2. NEW TRIAL,—SUFFICIENCY OF EVIDENCE.—A motion for a new trial, because the verdict is contrary to the evidence, is sufficient to raise the question whether the verdict was sustained by sufficient evidence. (Page 349.)

3. COVENANTS FOR TITLE—COVENANT AGAINST INCUMBRANCES—EFFECT.—Where the owner of unincumbered land gave a bond for title, and subsequently executed a deed with covenant against incumbrances, he will not be held to have covenanted against liens on the land created by persons who purchased the land after the bond for title was executed and before the deed was executed. (Page 350.)

Appeal from Pulaski Circuit Court; Second Division; *John W. Blackwood,* Special Judge; reversed.

*Carmichael, Brooks & Powers,* for appellant.

1. McNair could have defended against Mrs. Green's suit in chancery on the ground that he was an innocent purchaser for value, and that the note was no lien as against him. As to Naylor, it was never a lien against the lot. He was not a party to the note given by Mrs. Crisman to Kissinger, nor to their contract. Clark on Contracts, 349; Lawson on Contracts, 422; 46 Kan. 246; 29 Mass. 554; 123 Mass. 28. McNair was bound

to take notice of all incumbrances against the equitable estate in the land. 29 Ark. 650; *Id.* 358.

2. There was no breach of warranty. The lien attempted to be created by the note was only an equitable right, based upon an equitable estate, which was of no force until judicially declared. It did not reserve title. 26 Ark. 382; Pomeroy's Equity, § § 1260-61-62. The lien, if it ever existed, was only from the date of the decree in the suit of Green *v.* McNair, which was subsequent to the deed from Naylor to McNair. There was no incumbrance when the deed was made. 65 Ark. 104; Marvell on Abstracts, § 191; Maupin on Marketable Title, § 122, p. 289.

3. The decree did not affect Naylor's rights. It shows that it was based only upon the note and contract. 85 Ark. 223. Neither was he bound to appear and defend against that suit. If there was any lien, it was created by McNair, and was personal to him.

*Wiley & Clayton,* for appellee.

1. If the motion for new trial alone can raise any question, it cannot be other than that the verdict is contrary to the law and the evidence, and a refusal to grant a new trial on that ground will not be reviewed by this court unless there is a total lack of evidence to support the verdict. 14 Ark. 202.

2. When notice of a suit and to defend against it is given to a covenantor by a convenantee, and the former fails to defend, the judgment against the covenantee is conclusive in a suit by him on the warranty against the covenantor. 19 Ark. 470; 52 Ark. 322; 88 Ark. 169; 8 Am & Eng. Enc. of L. 206.

3. If Naylor was not concluded by the decree in chancery, the evidence shows that there was an outstanding lien which breached his covenant. A vendee with title bond may sell his interest and retain a lien on the land to secure the purchase money. 29 Ark. 257; *Id.* 218; 14 Ark. 634; 84 Ark. 41. Kissinger's title bond to Crisman created a lien on the land, which accrued to Mrs. Green, the holder by assignment of Crisman's note. Naylor's subsequent deed to McNair, made after he had been advised of Mrs. Green's claim of a lien, contains the deliberate warranty, "I will forever warrant and defend the title to said lands against all claims whatever, and that said lands are free from all liens."

BATTLE, J.   On the 15th day of September, 1903, J. C. Naylor, being the owner of a certain town lot in the city of Little Rock, in this State, sold the same to H. S. Kissinger for $1,250, of which Kissinger paid $50, and for the remainder thereof executed ninety-six notes, each for the sum of $12.50 and 8 per cent. per annum interest from date until paid, each dated September 15, 1903, one payable on the 19th day of September, 1903, and one payable on the fifteenth day of each month thereafter until paid in full.   When these notes shall be paid, Naylor covenanted with Kissinger to convey to him the lot by a good and sufficient deed, with usual covenants of warranty; the said agreement being evidenced by his bond for title.

On the 5th day of September, 1904, Kissinger bargained and sold the lot to Mrs. K. M. Crisman for $1,400, of which Mrs. Crisman paid $100.33, and executed six notes, each for the sum of $30, and 8 per cent. per annum interest from date, and assumed the payment of the notes executed by Kissnger to Naylor, which remained unpaid, and when all the said notes are paid Kissinger covenanted with Mrs. Crisman to convey to her the lot by a good and sufficient deed containing the usual covenants of warranty.   This agreement was evidenced by a bond for title.   Mrs. Crisman sold her interest in the lot to J. M. McNair, and he agreed to pay and did pay the notes executed by Kissinger to Naylor, remaining unpaid; and on the 30th day of January, 1907, Naylor and wife conveyed the lot by deed to McNair, and covenanted therein with McNair to warrant and defend the title to the lot against all claims whatsoever, and that it is free from all liens and incumbrances.

The six notes executed by Crisman to Kissinger for the lot were paid, except the last one, which was transferred for value, before maturity, on or about the 27th day of September, 1904, to Maggie E. Green.   It is as follows:

"$30.00.                    Little Rock, Ark., Sept. 5, 1904.

"Eighteen months after date I promise to pay to the order of H. S. Kissinger thirty dollars, at Little Rock, Ark., for value received, with interest from date until maturity at the rate of 8 per cent. per annum, and thereafter until paid, at 10 per cent. per annum, payable annually.   This note is one of six (6) given under my agreement of even date to purchase the following

property in C. & P. Johnson's Addition to the city of Little Rock, Ark.; lot eight (8), block four (4).

(Signed)                    "Mrs. K. M. Crisman."

Indorsements on back as follows:

"Indorsed over to Maggie E. Green, for value received, September 27, 1904.

(Signed)                    "H. S. Kissinger."

"The time for the payment of this note is extended to May 20, 1906. Filed October 17, 1907.

(Signed)                    "F. A. Garrett, Clerk."

On or about the 4th day of November, 1907, Maggie E. Green commenced suit against Mrs. K. M. Crisman and J. M. McNair in the Pulaski Chancery Court, to foreclose an alleged vendor's lien, alleging in her complaint substantially all the foregoing facts, and by virtue thereof claiming a lien on the lot for the payment of the note; and asked that the lot be sold to pay the lien. McNair failed to answer, and a decree *pro confesso* was rendered, and a commissioner was appointed and directed to sell the lot.

McNair having paid and satisfied the decree recovered by Mrs. Green, brought an action in the Pulaski Circuit Court against Naylor on his covenant against liens and incumbrances contained in his deed for the lot to McNair to recover $49.20, the amount paid by him to satisfy the decree, and for five dollars paid counsel for services in and about the suit instituted by Green, making in all $54.20.

Naylor demurred to the complaint in the last action, because the court had no jurisdiction, which demurrer the court overruled; and Naylor thereupon answered, and alleged that the lot was free from all liens and incumbrances at the time he conveyed it to McNair.

Plaintiff McNair alleged in his complaint that he notified the defendant Naylor in writing of the pendency of the suit instituted in the Pulaski Chancery Court by Green against Crisman and McNair, and called upon him to defend the same, and notified him that he would rely upon his covenant and warranty, and that he wholly failed to defend against the suit. The defendant failed to deny these allegations in his answer.

All the foregoing facts were proved in the trial in this action. McNair testified, in his own behalf, in part, as follows: "That he had a written contract from Mrs. Crisman, but that he had misplaced it. That he told the defendant about it, and the defendant told him that he held the notes, and would make a deed when they were all paid.    *    *    *    *    That he got a notice from Mr. Wiley that they were going to sue on the note, or had already sued on it; that he then went to see the defendant, and told the defendant that it might be best to settle it up, as it might cause some trouble, and defendant said: 'No; that will not hurt us; there is no lien on the place; nobody but me holds any papers on that place, and whenever you pay up the rest of the notes I will make you a warranty deed to the place, and it will then devolve on me to defend the place.'"

After the close of the evidence the court instructed the jury to return a verdict in favor of the plaintiff for $49.20, which they did. The defendant moved for a new trial because the verdict is contrary to the evidence. The court overruled the motion for a new trial, and defendant excepted. Judgment was rendered according to the verdict, and the defendant appealed.

The circuit court had jurisdiction to hear and determine this cause, notwithstanding the amount involved is less than one hundred dollars. The issues in the case involve the determination of the question whether or not the amount paid by McNair was a lien on the lot when Naylor conveyed it to McNair; and for that reason the circuit court had jurisdiction. *Sanders* v. *Brown*, 65 Ark. 498.

The motion for a new trial was sufficient to raise the question as to whether the verdict was sustained by sufficient evidence. *White* v. *Beal & Fletcher Grocer Co.*, 65 Ark. 278.

When Naylor executed a deed to McNair, he thereby conveyed all his right, title, claim and interest in and to the lot that he had when he bargained and sold it to Kissinger. His covenants bound him only to warrant and defend such interest and estate as he undertook to convey, and no other, against all liens and incumbrances. He did not covenant against liens thereon created by subsequent purchases. His title was paramount to all the liens created by such purchasers. He is not affected by any notice to defend against such liens, because he

did not covenant against them. The record in Green v. Crisman and McNair, instituted in the Pulaski Chancery Court—the complait on file—showed that the plaintiff in that suit was seeking to enforce a lien for a note given in part for the purchase money of a sale of the lot made by the vendee, Kissinger, of Naylor, to Crisman, after Naylor sold to him. The record itself gave notice to Naylor that he had not covenanted against such lien, and that he was not bound to defend against it. Rawle on Covenants for Title (5th Ed.), § § 121, 122. The decree in the suit instituted by Green was *pro confesso*, and rests entirely upon the complaint, which shows the facts before stated.

Appellee attaches importance to the testimony of McNair, in which he stated that Naylor said to him that he held all "the notes and would make a deed when they were all paid;" and that the suit instituted by Green "will not hurt us; there is no lien on the place; nobody but me holds any papers on that place, and whenever you pay the rest of the notes I will make you a warranty deed to the place, and it will then devolve on me to defend the place." He evidently referred to the notes executed to him by Kissinger, and designated them as the notes held by him, and meant to say the note sued on by Mrs. Green could not affect any title he might convey as "he holds all the papers on the place." That was substantially true; he did hold all that could affect the title he subsequently conveyed to McNair.

The verdict of the jury was against the undisputed facts in the case and unsupported by the evidence.

Judgment reversed, and action dismissed.