## HINKLE *v.* POWELL.

### Opinion delivered May 23, 1910.

JUSTICE OF THE PEACE—JURISDICTION—LIEN.—A justice of the peace has no jurisdiction of a suit by the covenantee in a deed to recover from his covenantor under his covenant against incumbrances a sum less than one hundred dollars which he was required to expend in order to remove a lien from the land.

Appeal from Independence Circuit Court; *Charles Coffin,* Judge; affirmed.

*Lyman F. Reeder,* for appellant.

The justice of the peace had jurisdiction, because no lien on land was involved in this case. 54 Ark. 16; 47 Ark. 241. A lien can be waived or contracted against. 25 Cyc. 673.

*Moore, Smith & Moore* and *H. M. Trieber,* for appellee.

The demurrer was properly sustained. 65 Ark. 498. Jurisdiction can not be conferred by consent or agreement. 33 Ark. 31; 34 Ark. 399; 70 Ark. 346; 90 Ark. 195.

McCULLOCH, C. J. The circuit court on appeal from a justice of the peace sustained a plea, in the nature of a demurrer, to the jurisdiction of the court to hear and determine the cause of action set forth in the following complaint:

"That on the 4th day of December, 1908, plaintiff bought and purchased of and from the defendant certain lands lying in the county of Independence and State of Arkansas, and the defendant made and executed his deed therefor. That it was expressly understood and agreed that the defendant, R. H. Powell, would pay all taxes due upon said lands for the year 1908 by a contract and understanding then and there had and entered into, and that but for such contract and understanding plaintiffs would not have purchased said lands at said time. That defendant failed and refused, and still fails and refuses, to pay said taxes for the year 1908, and that said lands forfeited for taxes, and the penalty in such case made and provided has attached; that the taxes, penalty and costs due on said lands as aforesaid amounted to the sum of $51.79; that plaintiffs have paid said sum of $51.79 in full, and here attach said tax receipts as exhibits hereto. Wherefore plaintiffs pray judgment against defendant for said sum of $51.79, for their costs and for all proper relief."

The court sustained the objection to its jurisdiction, and dismissed the action, on the authority, we presume, of the decision of this court in *Sanders* v. *Brown,* 65 Ark. 498, and *Naylor* v. *McNair,* 92 Ark. 345. The first of the above cited cases was an action instituted in the circuit court by Brown against his vendor, Sanders, to recover on broken covenants of warranty the sum of $61, the amount paid by plaintiff to remove the incumbrance of a lien for special improvement assessment. This court held that, the question in the case being whether or not the amount claimed was a lien on the land, a justice of the peace had no jurisdiction, and that the circuit court had jurisdiction regardless of the amount in controversy. In the other case cited above this court held that the circuit court had jurisdiction in an action for alleged breach of a covenant of warranty, notwithstanding the amount sought to be recovered

was less than $100, where the decision involved the question whether the amount sued for constituted a mortgage lien on land.

Does the principle announced in those cases control in the present one? We see no well-founded distinction, and think that those cases are decisive of the present case. It is not stated specifically in the complaint whether the contract was a verbal one, or whether it was in writing and embraced in the deed. But, as it is alleged that a deed was executed, and as that evidenced the consummated trade between the parties, the statement as to the contract is referable to the written instrument. Be that, however, as it may, the allegation is that appellee had agreed to pay the taxes on the land for the year 1908 and failed to do so, and that "said land forfeited for taxes," and that appellant paid the taxes, penalty and costs, amounting to $51.79. Now, this contract was, it seems to us, no more nor less than a covenant of warranty against incumbrance for the taxes of 1908, which had not then accrued but which were to accrue in a few days. Appellant was not interested in the payment of the taxes further than the fact that the same constituted a lien on the land which he was then purchasing, and, in order to recover for breach of the alleged contract, it devolved on him to show that he sustained injury by being compelled to remove the lien. The first inquiry in the case, then, was whether or not there was a lien on the land which appellant was compelled to remove; and the justice had no jurisdiction to hear and determine that question.

The jurisdiction of the justice of the peace cannot, as insisted by counsel, be sustained on the ground that only a contract to pay money is involved, and that the question of a lien on the land is not involved in the case. There was no agreement to pay any specific sum of money—only to pay the taxes of 1908—and, as we have already said, appellant was not interested further than in the removal of the lien on his land, and had no cause of action for breach of the contract unless he showed that there was a lien on the land which he was compelled to remove.

We are therefore of the opinion that the ruling of the circuit court was correct, and the judgment is affirmed.

BATTLE, J., dissenting.