CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. LENA LUMBER COMPANY.

Opinion delivered May 1, 1911.

1.  CARRIERS—OVERCHARGES—JURISDICTION OF STATE COURTS.—The State courts have jurisdiction of a suit to recover overcharges made by a railroad company for interstate shipments of freight.  (Page 107.)

2.  PAYMENT—MISTAKE—RECOVERY.—Generally, money paid under mistake of fact may be recovered.  (Page 107.)

3.  LIMITATION OF ACTIONS—LAW OF FORUM.—Questions arising upon the statute of limitations are governed by the law of the forum.  (Page 107.)

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee instituted six actions against appellant before a justice of the peace in Saline County, and recovered judgment in each case. On appeal to the circuit court, these cases were consolidated for the purpose of trial, and were tried before the court sitting as a jury upon an agreed statement of facts. The cause

of action alleged in each case is on an overcharge in an interstate shipment of lumber.

From the judgment rendered against it the appellant has appealed to this court.

*Thomas S. Buzbee* and *John T. Hicks,* for appellant.

The complaints show that these causes of action arose out of interstate shipments of freight. There is no controversy touching the amounts claimed; but they are barred by the provisions of the Interstate Commerce Act of Congress and the rules of the Interstate Commerce Commission based thereon, and payment thereof by appellant would subject it to penalties prescribed by the act. 24 Stat. at Large, 379, act of Congress, approved February 4, 1887, § § 8, 9, 16, as amended March 2, 1889; Tariff Circular No. 15-A, § 81. The period of limitation fixed by Congress must take precedence over that fixed by the State law, and the act of Congress giving jurisdiction to the Interstate Commerce Commission and to the circuit courts of the United States, of claims for damages and for repayment of excess charges based upon interstate shipments of freight, is exclusive. The Saline Circuit Court was therefore without jurisdiction. 158 U. S. 98; § § 13 and 16 of act.

*C. A. Cunningham* and *Coleman & Lewis,* for appellee.

1. The jurisdiction of State courts has uniformly been affirmed "where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case." 93 U. S. 136. The Interstate Commerce Act does not confer *exclusive* jurisdiction upon the Interstate Commerce Commission and the Federal courts to pass upon and allow the claims involved in this case. Act, § 22; 49 So. 202. Appellant's contention that if there is conflict between the State law and the act of Congress the State law must yield, is conceded; but there is no conflict with the act of Congress in the enforcement of these claims in the State court. That they are just and correct is conceded by appellant, and their enforcement could not be prejudicial to the rights of other shippers, nor to the rights of appellant. The State court had jurisdiction. 63 S. E. (Ga.) 865; 65 S. E. 308; 118 S. W. (Ky.) 990. Its jurisdiction is concurrent. 15 I. C. C. R. 37; Barnes on

Int. Trans. § 408-D ; *Id.* § 408-F ; *Id.* § 410 ; 86 Ark. 412 ; 91 Ark. 97 ; *Id.* 515 ; 15 I. C. C. R. 170.

2. The two-years limitation embraced in the act of Congress does not apply to suits filed in State courts.    67 Ark. 189.

HART, J., (after stating the facts).  Counsel for appellant concede that the amounts sued for are correct, and state that, but for the Interstate Commerce Act (act February 4, 1887), all the claims would have been paid without suit.   We do not think the Interstate Commerce Act has any application to the facts in the case at bar.   The claims are not based upon alleged unjust and excessive freight rates.  On the contrary, the established schedule of rates of appellant is not in any way in question in this case.   The suits are based upon overcharges in freight, made by appellant, and paid by appellee under a mistake of fact.   The amounts claimed are conceded to be correct, and appellant admits that they were collected through mistake.  Therefore, the State courts have jurisdiction, just as they have in other cases where money has been paid by one person or another through mistake, and the one receiving the money refuses to pay it back.   The general rule is that money paid under a mistake of fact may be recovered. *Lafayette* v. *Merchants' Bank,* 73 Ark. 561.

2.  It is also contended that the claims are barred by the statute of limitations.   This contention is based upon that section of the Interstate Commerce Act which provides that all complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after.   But, if we are correct in holding that the State court had jurisdiction, the law of the forum will govern as to the question arising upon the statute of limitations.  *Burgett* v. *Williford,* 56 Ark. 187 ; 25 Cyc. 1018 ; 11 Cur. Law, 671 ; 14 Cur. Law, 558.   See also *Moores* v. *Winter,* 67 Ark. 189.   It is agreed that the suits were brought within three years after the cause of action accrued, and the plea of the statute of limitations can not be sustained.   See Kirby's Digest, § 5064.

The judgment will be affirmed.