It follows that the judgment should be affirmed.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY . v. FORT SMITH & VAN BUREN RAILWAY COMFANY.

Opinion delivered January 29, 1917.

1. CARRIERS—SWITCHING SERVICE—RATE—INTERSTATE COMMERCE.— Certain cars of material constituting an interstate shipment, were delivered by the K. Ry. Co. in the city of Ft. Smith to appellant Ry. Co. with the request that they be switched to a certain point in the said city. *Held*, the service was for switching only, entirely within the city limits, and that the rate set out in the certificate of the secretary of the Interstate Commerce Commission, not Item 66, was applicable.

2. CARRIERS—INTERSTATE COMMERCE—APPLICATION OF RATE.—The State courts have jurisdiction to determine the applicability of one of two rates, covering switching charges on a shipment of interstate freight done entirely within the limits of one city.

Appeal from Sebastian' Circuit Court, Fort Smith District; *Paul Little*, Judge; affirmed.

*Thos. B. Pryor* for appellant.

1. This was an interstate shipment and the subject matter is one that is beyond the jurisdiction of a State court. 68 S. E. 107; 204 U. S. 559; 162 *Id.* 184. The shipper's only remedy is to file complaint with the Interstate Commerce Commission. 204 U. S. 553; 202 *Id.* 242; 67 W. Va. 448.

2. The point to which the shipper demanded that the cars be delivered was on a spur track, or industrial track, constructed to serve the crushed stone company. Neither the consignor nor consignee had an industry located on an industrial track within the city. This question also comes under the jurisdiction of the I. C. C. Watkins on shippers and Carriers, p. 314, p. 193. Industrial tracks are for the handling of carload freight from and to the industry they are constructed to serve. *R. R. Co. of Ark.* v. *St. L., I. M. & So. Ry. Co.*, Int. Com. Com., No. 3390.

3. There was no overcharge; the $2.00 charge is the charge for handling cars between industries on the tracks of the carrier and connections of other lines, when both are within the switching limits of the same station, and when point of origin, or destination, is beyond the limits of the connecting line. The charge was properly made for *transportation* service at the rate prescribed by the Interstate Commerce Commission. 110 Ga. 173.

*James B. McDonough* for appellee.

1. The distance involved is less than two miles and the distance determined the tariff—$2.00 per car.

2. The undisputed evidence shows that the track was an industrial track and not a team track. 24 I. C. C. 292.

3. It is conceded that this was an interstate shipment, but the State court had jurisdiction. The only question was whether the "switching" or 'line-haul transportation" rate of the Interstate Commerce. Commission applies—not the reasonableness of the rates established. 62 Atl. 141; 119 Pac. 413; 117 S.

W. 794; 102 Ark. 20; 99 *Id.* 105; 128 S. W. 1194; 82 S. E. 644; 215 Fed. 1004; 115 S. W. 107; 172 Fed. 478; 24 I. C. C. 292.

SMITH, J.   The Kansas City Southern Railway Company sold to the Fort Smith & Van Buren Railway Company seven cars of material which were shipped from points in Oklahoma and Arkansas, through the State of Oklahoma, to Fort Smith, Arkansas. Upon the arrival of the cars in Fort Smith they were tendered to the St. Louis, Iron Mountain & Southern Railway Company with the request that it switch same from the interchange track in the southern part of the City of Fort Smith to a point on the industrial track leading to the plant of the Crushed Stone Company in the northern part of the city. Neither the consignor nor the consignee had an industry located on this track, but merely desired the delivery to such point because of the convenience in unloading the cars, such point being near the place where the consignee desired to use the material. The shipper offered to pay a switching charge of $14.00 for this service, while the carrier demanded payment of the regular line-haul rate for an interstate shipment which it claims is the only charge it could have lawfully made. No question was made however of the right of the consignee to have the cars placed on this industrial track; the controversy was not over the track upon which the cars should be placed, but it was over the charge to be made for moving them at all. The rate demanded, amounting to $232.61, was paid under protest, and this suit was brought to recover the alleged overcharge amounting to $218.61. The defendant railroad company filed a demurrer, which was not passed upon, and the cause proceeded to trial upon an answer which it also filed. By consent the cause was heard by the court sitting as a jury, and at its conclusion the defendant asked the court to make a finding in its favor, which request was refused, and a finding was made in favor of the plaintiff companies, and a judgment was

pronounced thereon, from which this appeal has been duly prosecuted.

It is alleged, and admitted, that the cars in question constituted an interstate shipment and it is, therefore, urged by the appellant that this court is without jurisdiction to determine this case, as its decision involves a consideration of the reasonableness of the rate charged, a question which this court may not inquire into. Upon the other hand, it is insisted that this question is not involved, but that the cause was submitted and tried upon the issue as to which one of two rates applied, and not upon the reasonableness of any rate. The appellant says the consignee could have unloaded the cars from the team tracks of the Kansas City Southern Railway Company, but that, instead, the consignee caused the cars to be delivered at a point on a switch track serving the Fort Smith rock crusher, and that the consignee of this shipment did not have any industry located on it, "that the shipment was to be, and was, delivered at a point a quarter of a mile, or more, this side of the rock crusher, and that the switching rate on an interstate shipment is applied when it is to be delivered to an industry located on the tracks; that an industry is a plant doing business, having a plant that is located adjacent to the tracks or the track serving that plant," and that the applicable rate for such service is the one charged.

Appellees say the cars were tendered to the appellant to be switched by it from the interchange track in the southern part of the city to a point on the switch track of the defendant in the northern part of the city, and the plaintiffs state that the applicable charge for such service was $2.00 per car, and they sued for the excess charged. Two tariffs were offered in evidence which prescribe the authorized rates for the services which they cover, and the decision of this case turns upon the determination of the applicable rate.

It was alleged in the complaint, and is not denied in the answer, that the distance that said cars were to be switched was less than two miles and the plaintiffs, therefore, say the wrong rate was applied. Plaintiffs introduced in evidence the certificate of the Secretary of the Interstate Commerce Commission, Item 66, of which is as follows: "Item No. 66. Carload freight between connections of other lines and industries located on tracks of this Company will be as follows: 2 miles, and under, $2.00; 3 miles, and over 2 miles, $3.00; 5 miles, and over 3 miles, $3.50; 7 miles, and over 5 miles, $4.00."

Notwithstanding the distance was less than 2 miles, if the applicable rate is the "line-haul rate between stations," the charge which the appellant company made is the proper one.

We are cited to many cases which define the word station, but these definitions were applicable to the issues there involved, and none of them afford a definition which is decisive of the facts of this case. It is probably true that for the rate for which appellant insists to become applicable, it is not essential that the proof show a haul from one town to another, or from one depot to another, but it must be something more than a mere switching service, and we think the service here charged for was a mere switching service performed entirely within the limits of the City of Fort Smith, and that the rate set out above as Item No. 66 is the one which applies to the facts of this case.

Before reaching any conclusion on this question, it was, of course, necessary for us to determine our jurisdiction to consider the question. This we have done, and we have been unable to agree with learned counsel for appellant that we are without jurisdiction. We have here an overcharge resulting from the application of the wrong rate, and as we have found it necessary only to consider the question as to which of two rates applied, without reference to the reasonableness of either of them, we have concluded the case was one within our jurisdiction. *Kansas City Southern Ry. Co.*

v. *Tonn.*, 102 Ark. 20; *C. R. I. & P. Ry. Co.* v. *Lena Lumber Co.* 99 Ark. 105; *St. L., S. F. & T. Ry. Co.* v. *Roff Oil & Cotton Co.*, 128 S. W. 1194; *Western & A. R. Co.* v. *White Provision Co.*, 82 S. E. 644.

·The judgment of the court below is, therefore, affirmed.