## JORDAN *v.* BANK OF MORRILTON.

### Opinion delivered March 2, 1925.

1. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— A chancellor's finding of fact, which is not against the preponderance of the evidence, is conclusive upon the Supreme Court.

2. PAYMENT—APPLICATION.—Where a creditor had notice that money paid to him by his debtor had been furnished to the debtor upon the understanding that it should be applied to the payment of a particular debt, the money could not be appropriated by the creditor to the payment of another debt.

3. PAYMENT—APPLICATION.—Where a first mortgagee had notice that a second mortgagee lent money to his mortgagor with the understanding that it should be applied to the payment of the first mortgage debt, the first could not apply it to the payment of an unsecured debt owing to him by the mortgagor, even with the latter's consent.

4. NOTICE—FACTS PUTTING ONE UPON INQUIRY.—Notice of facts and circumstances which would put a man of ordinary intelligence upon inquiry is equivalent to knowledge of all the facts that a reasonably diligent inquiry would disclose.

5. PAYMENT—NOTICE OF INTENDED APPLICATION.—Where a check given to a first mortgagee by the mortgagor, who had received the money from a second mortgagee with the understanding that it was to be applied on the first mortgage, was marked "in full," and the first mortgagee could have ascertained that the check was given in payment in full of the first mortgage debt, the first mortgagee could not apply it to payment of an unsecured debt owing him by the mortgagor.

Appeal from Conway Chancery Court; *W. E. Atkinson*, Chancellor; affirmed.

This appeal is prosecuted to reverse a decree of the chancery court in directing the application of payment between two mortgagees of the same land.

On July 8, 1919, Jas. P. Turner and wife executed to D. L. Jordan a mortgage on certain land in Conway County, Arkansas, to secure the sum of $3,211.90, evidenced by two promissory notes and an open account of $1000, more or less, for merchandise to be furnished during 1920.

On the 24th day of March, 1920, Jas. P. Turner and wife executed a mortgage on the same land to the Bank of Morrilton to secure the sum of $6,340.

According to the testimony of the cashier of the bank, Turner represented that he owed D. L. Jordan a balance of $2,735.29 on his mortgage indebtedness, and the bank retained that amount of money to be applied in satisfaction of the balance of the mortgage indebtedness from Turner to Jordan. Turner expressly agreed to apply the money in this way. Turner then gave a check to D. L. Jordan for $2,735.29, dated March 25, 1920. The check was drawn on the Bank of Morrilton, and was cashed by Jordan in due course.

According to the testimony of Jas. P. Turner, the cashier of the bank knew that the check for $2,735.29 was to be used in the payment of an open account which Turner owed D. L. Jordan. Turner told the cashier of the bank that he owed an account to Jordan of at least that amount. Turner agreed with Jordan that the check should be applied towards the payment of his merchandise account, which was not secured by the mortgage.

According to the testimony of D. L. Jordan, the open account was not secured by the mortgage on the land, and, by agreement with Turner, he applied the check in question to the payment of the open account. This left the mortgage indebtedness due and unpaid.

The present suit was commenced in the fall of 1922 by the Bank of Morrilton to foreclose its mortgage, and subsequently D. L. Jordan was made a party to the fore-

closure suit, and testimony substantially as above set forth was taken to show the rights of the respective parties.

The chancellor found the issues in favor of the Bank of Morrilton, and, to reverse the decree in its favor, D. L. Jordan has prosecuted this appeal.

*E. A. Williams,* for appellant.

A debtor has the primary right to direct the application of the payment. 91 Ark. 458; 93 Ark. 224; 32 Ark. 645; 54 Ark. 444; 117 Ark. 260; 91 Ark. 458. The court erred in applying the payment otherwise than as directed by the debtor. 81 Cal. 56; 97 Cal. 290; 29 Ga. 142; 36 Ala. 482; 15 Conn. 437; 34 Mo. 70; 13 Vt. 15; 26 N. J. Eq. 494; 45 Ga. 565; 39 Mass. 305; 11 W. Va. 549; 21 A. L. R. Ann. 690. The right to apply payments is one existing between the original parties. 21 A. L. R. Ann. 681; 21 R. C. L. 107; 75 N. Y. 461.

*Strait & Strait,* for appellee.

A creditor having a lien on property for a debt cannot, even by agreement with his debtor, apply any part of the property to a debt which is not a lien upon it. 39 Ark. 349; 108 Ark. 555; 44 Ark. 507. Where money is furnished for a specific purpose, it must be applied to that purpose, and cannot be diverted to any other purpose. 96 Am. St. Rep. 54; 37 Pa. 68; 9 Pa. 475; 36 Ark. 162; 39 Ill. 312; 77 Ala. 367; 78 Ill. 17. Where a third party advances money for the payment of a debt, the debtor and creditor cannot apply it to the disadvantage of such party. 21 R. C. L. 107.

HART, J., (after stating the facts). As will be seen from our statement of facts, the cashier of the Bank of Morrilton testified that it was expressly understood between Turner and the bank that $2,735.29 of the money borrowed from the bank should be applied towards the payment of a prior mortgage given by Turner to Jordan on the same land. When Turner received the money from the bank, he left on deposit there the sum of $2,735.29 to be applied towards the payment of the Jordan mortgage. The check given by Turner to Jordan for

this sum contains the notation "in full," and was drawn on the Bank of Morrilton.

It is true that Turner testified that he told the cashier of the bank that this sum of money was to be applied towards the payment of an open account which he owed to Jordan, and which was not secured by a mortgage on the land in question. The chancellor, however, found this issue in favor of the bank on the testimony of its cashier, and it cannot be said that his finding is against the preponderance of the evidence. Therefore, under our settled rules of practice it may be treated as settled that the bank lent the money to Turner with the express understanding that the sum of $2,735.29 was to be applied towards the payment of the mortgage indebtedness of Turner to Jordan.

Counsel for Jordan seek to reverse the decree under the general rule that, at the time of making a payment, a debtor has the primary right to direct the application of payment, and may apply it to the payment of his unsecured debt. *Snow* v. *Wood*, 163 Ark. 280. Counsel for appellant claim that the exercise of the right of appropriation of payments belongs exclusively to the debtor and the creditor, and that no third person can control or be heard for the purpose of compelling a different appropriation from that agreed upon by them. Hence they contend that it does not make any difference what the cashier of the bank understood would be done with the money, as the right of the creditor and the debtor to make the application is absolute, and a third person cannot control this right.

There is a well-recognized exception to this rule, and that is, if the creditor had notice that money had been furnished his debtor upon an understanding that it was to be applied towards the payment of a particular debt, it could not be appropriated to the payment of another debt. Here, according to the finding of the chancellor, the bank lent the money to Turner with the express understanding that a specified part of it should be applied towards the payment of a debt of Turner to Jor-

dan secured by a mortgage upon the same land which he had mortgaged to the bank. If Jordan had notice of these facts, he would not be permitted, even with the consent of Turner, to misapply it. *Harding* v. *Tifft,* 75 N. Y. 461. In short, if Jordan had notice that the bank had lent the money upon the understanding that a part of it should be applied towards the payment of his mortgage debt, he could not apply it to the payment of his unsecured debt as against the bank, even with the consent of Turner. In this connection it may be stated that notice of facts and circumstances which would put a man of ordinary intelligence on inquiry is equivalent to knowledge of all the facts that a reasonable diligent inquiry would disclose. In other words, where a person has sufficient information to put him on inquiry, he shall be deemed to know what the inquiry would disclose. *Bland* v. *Fleeman,* 58 Ark. 84; *Waller* v. *Dansby,* 145 Ark. 306; and *Krow &amp; Neumann* v. *Barnard,* 152 Ark. 99.

The check given by Turner to Jordan contained the notation, "in full," which was dated March 25, 1920. According to the testimony of Jordan himself, this did not pay the whole of the indebtedness of Turner to him. If he had made any inquiry whatever at the bank, he would have found out that the money had been lent to Turner with the understanding that the amount of the check should be "in full" of the mortgage indebtedness of Turner to Jordan. Therefore in law Jordan will be deemed to have notice that Turner had agreed to apply the amount of the check towards the payment of his mortgage indebtedness to Jordan, and Jordan had no right to divert the fund to the payment of his unsecured indebtedness.

The result of our views is that the decree will be affirmed.