RICHARDS *v*. BILLINGSLEA.

Opinion delivered April 5, 1926.

1. NOTICE—FACTS PUTTING ONE UPON INQUIRY.—Whatever puts a
party on inquiry amounts to notice where the inquiry becomes a
duty and would lead to knowledge of the requisite facts by the
exercise of ordinary diligence and understanding.

2. COVENANTS—LIABILITY OF ONE NOT PARTY TO DEED.—Where plain-
tiff accepted from defendant a contract wherein he obligated him-
self to accept whatever deed defendant might procure in certain
proceedings in the probate court to divest the title of certain
minor heirs, and subsequently defendant procured and plaintiff
accepted a deed from one acting as trustee for the minor heirs,
plaintiff cannot sue defendant for breach of a covenant against
incumbrances contained in the deed, since defendant was not a
party to the deed and had performed the obligation of her con-
tract.

3. COVENANTS—LIABILITY OF NAKED TRUSTEE.—Where the beneficial
interest in the land was in certain minors, a trustee who, having no
interest in the land, executed a deed thereto as a means of con-
veying their interest to plaintiff, will not be liable to plaintiff for
breach of a covenant against incumbrances contained therein,
where plaintiff accepted the deed with full knowledge of the facts.

Appeal from Woodruff Chancery Court, Northern
District; *A. L. Hutchins,* Chancellor; affirmed.

STATEMENT BY THE COURT.

O. M. Richards instituted this action in the circuit
court against H. L. Billingslea and Jennie Billingslea, his
wife, to recover the sum of $299.52, alleged to be due him
for money expended by himself and his grantors for the
payment of taxes on the land described in the complaint.

Later Richards filed an amended complaint in which
he asked leave to make Mary E. Billingslea, in her own
right, and as guardian of Eva Billingslea, Arthur Bill-
ingslea, E. L. Billingslea Jr., and Pearl Billingslea
Daniels, defendants herein. As grounds therefor he
states that he is informed and believes and so alleges that
the land described in his complaint which was conveyed
to him by H. L. Billingslea and Jennie E. Billingslea, his
wife, originally was the property of E. L. Billingslea, Sr.;
that, after the death of E. L. Billingslea, Sr., said land

was sold by order of the probate court by Mary E. Billingslea in her own right and as guardian of E. L. Billingslea, Jr., Pearl Billingslea Daniels, Eva Billingslea, and Arthur Billingslea, minors; that Mary E. Billingslea is the wife of E. L. Billingslea, Sr., and the mother of said minors.

Said parties were made defendants to the action, and, by agreement between all the parties, the cause was transferred to the chancery court.

O. M. Richards was the principal witness for himself. According to his testimony, he entered into a written contract with Mary E. Billingslea for the purchase of the land described in it, and the contract, which is made a part of his deposition, is as follows:

"Know all men by these presents: That I, O. M. Richards, have this day bought from Mary E. Billingslea lands as follows: North half of section 29, twp. 9 north, range 5 west; except 1 acre, and on terms as follows: $1,200 Jan. 1, or as soon thereafter as Mrs. Billingslea can get legal proceedings through the courts to transfer the said lands legally. Balance in 6 equal yearly payments of $597.50 each payment, bearing interest at the rate of 8 per cent. and interest due and payable on all payments annually. First note for deferred payment due Jan. 1, 1915.

"The said O. M. Richards has put up a forfeit of $200, said forfeit is as good faith, and is to be applied on the cash payment when deed is made as per terms of this contract, and, if in the event the said Richards does not come up to his part of this contract, the said $200 is to be forever forfeited.

"Now, Mrs. Mary E. Billingslea agrees with the said Richards that, in the event she is for any reason denied by the court permission to sell the above lands, that she will rent the land to the said Richards for the usual rental, 1-3 and 1-4, and further, in the event Mrs. Billingslea don't come up with her part of the contract,

that the forfeit money is to be returned to O. M. Richards.

"Mary E. Billingslea,
"O. M. Richards."

As the result of the contract, O. M. Richards later obtained a deed to said land from H. L. Billingslea and Jennie Billingslea, his wife. The deed contains a covenant that the land is free from all incumbrances, except the vendor's lien as specified in the deed. O. M. Richards sold a part of said land to Willie Richards and a part of it to L. B. Richards, his father. He executed warranty deeds to them and put them in possession of the part of the land so conveyed to them.

Subsequently M. H. Greer, as trustee of the estate of J. H. Greer, deceased, brought three separate suits in the chancery court of White County to recover the taxes against said land which had been paid by J. H. Greer. O. M. Richards served notice on H. L. Billingslea and Jennie Billingslea to defend these suits. These parties paid no attention to the notice. O. M. Richards then employed an attorney to defend the suits. The cases were tried on June 15, 1921, and Greer obtained judgment against O. M. Willie and L. B. Richards for the back taxes sued for. O. M. Richards paid the judgments, which amounted to $264.37. He also paid an attorney's fee of $50, and $50 for miscellaneous expenses. He demanded payment of these amounts of H. L. and Mary E. Billingslea, and they have refused to pay him the money which he expended in contesting the back-tax suits brought by Greer and in satisfying the judgments obtained by him.

The only one that O. M. Richards met and talked with about the matter was Mrs. Mary E. Billingslea. He knew nothing about the proceedings in the probate court relating to the title of the land, by which it was sold as the property of the estate of E. L. Billingslea, Sr., and bought by H. L. Billingslea, who made the deed to him. O. M. Richards paid for the land, and Mrs. Mary E. Billingslea told him, when he obtained the deed from H. L.

Billingslea, that he was getting a good title to the land. It was agreed between the parties that H. L. Billingslea had no beneficial interest in the land in question, and that he acted for Mrs. Mary E. Billingslea in conveying the property to O. M. Richards, and that the latter had no knowledge of this fact unless the original contract between him and Mrs. Mary E. Billingslea was sufficient to put him on notice.

The chancellor found the issues in favor of the defendants, and the complaint of the plaintiff was dismissed for want of equity. The case is here on appeal.

*John E. Miller* and *Culbert Pearce,* for appellant.

*W. J. Dungan,* for appellee.

HART, J., (after stating the facts). The record shows that J. H. Greer obtained a tax title to the land described in the complaint and paid the taxes for certain years under it. Subsequently the tax deed to him was declared void, and the trustee of the estate obtained judgment against O. M. Richards, who was then the owner of the land, for the taxes so paid by him. O. M. Richards brought suit against H. L. Billingslea and wife and Mary E. Billingslea on the theory that the covenant of H. L. Billingslea that the land was free from all incumbrances had been broken, and that he was entitled to maintain his action thereon under the principles decided in *Seldon* v. *Dudley E. Jones Co.,* 89 Ark. 234, and other cases of like character.

Counsel for Mrs. Mary E. Billingslea earnestly insists that she was not a party to the deed which contained the covenant against incumbrances, and that she could only be held to comply with the terms of her original contract. In this contention we think counsel is correct. On the 19th day of September, 1913, Mary E. Billingslea and O. M. Richards entered into a written contract whereby she agreed to sell and convey the land to him as soon as she could "get legal proceedings through the courts to transfer the land legally."

Again, the contract recites that Mrs. Mary E. Billingslea agrees with said Richards that, in the event she

is for any reason denied by the court permission to sell the above land, she will rent the land to Richards. These recitals show that O. M. Richards had notice of the state of the title of Mrs. Mary E. Billingslea.

This court has held that whatever puts a party on inquiry amounts to notice where the inquiry becomes a duty and would lead to knowledge of the requisite facts by the exercise of ordinary diligence and understanding. *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, and *Walker-Lucas-Hudson Oil Co.* v. *Hudson,* 168 Ark. 1098.

That the matters recited in the original contract would lead to knowledge is clearly shown by the amended complaint of O. M. Richards. In it he sets up that he is informed and believes certain facts which show complete knowledge on his part of the state of the title. In his amended complaint he also sets up that the land originally belonged to E. L. Billingslea, Sr., and that Mary E. Billingslea was his widow and the mother of the minor defendants named in the amended complaint. He alleges that the land belonged to these minors, and was sold in the probate court and purchased by H. L. Billingslea, an uncle of said minors, for the purpose of perfecting the title and to enable Mary E. Billingslea, as guardian of said minors, to make a quick sale, if a purchaser appeared and desired to complete the purchase at once.

Thus it will be seen that, under the terms of the original contract, O. M. Richards was to take whatever title he could secure by the proceedings in the probate court through which Mary E. Billingslea was to obtain leave to sell said land.

It also appears from the allegations of the amended complaint that H. L. Billingslea was insolvent at the time, and that he was used merely as a means of conveying whatever title could be obtained through the proceedings in the probate court, and the terms of the original contract showed that O. M. Richards was to obtain only such title as could be conveyed to him through the probate court proceedings. Mrs. Mary E. Billingslea car-

ried out in good faith her part of the original contract, and she is in no wise bound by the covenant against incumbrances in the deed executed by H. L. Billingslea to O. M. Richards.

In this connection it may be stated that it is true that O. M. Richards testified that, at the time the deed from H. L. Billingslea to himself was delivered, Mrs. Mary E. Billingslea told him that it was a warranty deed, and that he had a good title. Parol evidence could not serve, however, to vary or contradict the terms of the original written contract, and, as we have already seen, O. M. Richards obtained all the title that the terms of the original contract gave him.

With regard to H. L. Billingslea but little need be said. Under the allegations of the amended complaint, and under the undisputed evidence, he was used merely as a means to enable Mrs. Mary E. Billingslea, the guardian of the minors, to make a quick sale of the land. The beneficial interest in the land was in the minors, and this fact was known to O. M. Richards. H. L. Billingslea was merely used as a means of conveying the interest of the minors to Richards. O. M. Richards, having obtained the deed from H. L. Billingslea with full knowledge of the facts, is in no position to recover from him back taxes on the land as a breach of his covenant against incumbrances.

It follows that the decree will be affirmed.