NORTHCROSS *v.* MILLER.

Opinion delivered October 26, 1931.

*G. B. Segraves,* for appellee.

*Chas. E. Sullenger,* for appellant.

HART, C. J., (after stating the facts). The general rule is that money paid under a mistake of fact may be recovered. *C. R. I. & P. Ry. Co.* v. *Lena Lumber Co.,* 99 Ark. 105, 137 S. W. 562. In *Tancred* v. *First National Bank,* 130 Ark. 520, 197 S. W. 1178, the rule is stated where a person without mistake of fact, or fraud, duress, or coercion, pays money on a demand that is not enforceable against him, the payment is deemed voluntary and cannot be recovered. In *Blackburn* v. *Texarkana Gas & Electric Co.,* 102 Ark. 152, 143 S. W. 588, it is said that where one voluntarily makes a payment upon a claim with knowledge of the facts, or under such circumstances that he is affected with such knowledge, then he cannot recover such payment upon the ground that the asserted claim was unenforceable. The reason for the rule that money paid under a mistake of fact may be recovered proceeds upon the theory that the plaintiff has paid money which he was under no obligation to pay and which the party to whom it was paid had no right to receive or to retain. Hence the law raises an implied promise on his part to refund it, and an action will lie to recover it.

In the application of this rule to the present case, the verdict of the jury in favor of appellees upon the

complaint of appellant must be sustained. Each party had the land surveyed in 1928, and there was a conflict in the testimony as to whether there was any shortage in the leased land. The appellees withheld the rent for 43.7 acres of land in the fall of 1928 from the amount due for rent for that year because of this alleged shortage. The question was submitted to the jury, and the jury by its verdict found in favor of appellees. The testimony on the question of whether there was a shortage in the land for the year 1928 being in conflict, the verdict of the jury is binding upon this court upon appeal, and the judgment on that branch of the case must be affirmed.

On the cross-complaint, the facts are quite different. On that branch of the case, appellees sought to recover against appellant on their claim that they had overpaid the rent for 1927 by mistake. We do not think there was any evidence upon which to submit this question to the jury. Appellees did not claim a mistake as to the acreage. According to the testimony of appellant, there was no mistake as to the acreage. According to the testimony of Rogers, a member of the firm which rented the land for the year 1927, there was no mistake as to the acreage. He and McAdams, who worked for Williams, examined the tract where it is claimed the shortage exists and decided that there were 50 acres in it. Williams and Miller, as members of the partnership with Rogers, were bound by the latter's act. The ground of liability of one partner for the acts of the other is that of implied agency within the scope of the partnership. *Stephens* v. *Neely,* 161 Ark. 114, 255 S. W. 562; 45 A. L. R. 1236.

Besides the testimony above referred to, that of Williams himself, shows that when the rent was paid in the fall of 1927, they made the payment with knowledge of all the facts or under such circumstances that they were affected with such knowledge. Under the authorities above cited, they cannot recover the payment upon the ground that there was a mistake in the acreage.

In this connection, it may be stated that, where a person has sufficient information to put one of ordinary intelligence upon inquiry, he shall be deemed to know what the inquiry would disclose. *Jordan* v. *Bank of Morrilton*, 168 Ark. 117, 269 S. W. 53; *Richards* v. *Billingslea*, 170 Ark. 1100, 282 S. W. 985.

Williams was asked about a plat of the land exhibited in evidence which he caused to be made in October, 1928, and was asked what was the occasion of it being made. His answer was, "Well, there were two reasons: This was the first reason. Mr. Miller and I went down there often. Quite a number of times I told Mr. Miller I did not believe we had the acreage we were paying for. Then, after the canals were cut, we decided we would have the land surveyed. And we also wanted to see how much land the canals took up." Continuing, he said that the canals were dug in the latter part of 1927 or the early part of 1928. Further on in his testimony, Williams said that he first believed in 1927 that there was a shortage in the acreage. He said that he had made a good many trips on the land and made up his mind that they were paying for more land than they were getting. Williams was a planter of large experience and was, according to his own testimony, capable of estimating the quantity of land in cultivation upon a given tract. It is inferable from his own testimony that he believed there was a shortage in 1927. It is true he said that they did not have the survey made until after the canals were dug in the latter part of 1927 or the first part of 1928. He states, however, that he made frequent trips down there in 1927, and that was when he first believed that there was a shortage in the acreage. He had worked the lands in 1926, and it was his duty to have ascertained about the shortage before he paid the rent in the fall of 1927. Not having done so, he will be deemed to have knowledge of the shortage because he was put on inquiry as to the shortage by his knowledge and judgment of the land during the frequent trips he made there before he paid the rent. Therefore, according to his own testimony, he paid the rent with

full knowledge of the alleged shortage. Miller, his partner, was bound by his acts; and they were not entitled to recover on their cross-complaint because they made a voluntary payment of the rent with knowledge of the shortage and under such circumstances that they are affected with such knowledge.

Therefore there was no evidence upon which to submit the issue raised by the cross-complaint to the jury, and the court erred in so doing. No exceptions were necessary. A new trial was asked on the ground that the verdict was contrary to the law and the evidence under § 1311 of Crawford & Moses' Digest. The motion for a new trial was sufficient to raise the question as to whether the verdict was sustained by sufficient evidence. *Naylor* v. *McNair*, 92 Ark. 345, 122 S. W. 662. Inasmuch as the case seems to be fully developed on this point, the judgment in favor of appellees on the cross-complaint will be reversed, and their complaint will be dismissed here. The judgment in their favor upon the complaint of the appellant will be affirmed. It is so ordered.