Watson *v.* Carter.

4-4946

Opinion delivered February 14, 1938.

644

J. B. Milham, for appellants.

McDaniel, McCray & Crow, for appellees.

BAKER, J. This appeal is from a decree rendered in the Saline chancery court, growing out of a bank failure at Benton some years ago. The first suit was a suit of the Bank Commissioner against A. V. Martin, in which there was a recovery of a judgment for nearly forty thousand dollars. Later A. V. Martin executed a deed to his wife, Hattie H. Martin, conveying to her a considerable quantity of real estate, and in the same instrument he made an assignment of personal property of great value, including therein a note and mortgage executed by J. P. Carter and wife to the Benton Bank & Trust Company, and by that banking institution assigned to A. V. Martin.

After Martin had executed this deed and assignment a suit was filed in the chancery court to set aside these transfers as being voluntary conveyances, and made in fraud of creditors. Martin was successful in that suit in the chancery court, but the case was appealed, and an opinion was delivered in the Supreme Court reversing the decree. It is Wasson v. Martin, 190 Ark. 228, 79 S. W. 2d 81.

In this suit, filed to cancel aforesaid deed and assignment, Mrs. Martin was a party and J. P. Carter and wife were made parties by garnishment proceedings duly served upon them, and notice by lis pendens was duly given, describing all property, real and personal, that

the Bank Commissioner was seeking to subject to the payment of the judgment. This included the Carter note and mortgage.

This litigation took different forms, but the part with which we are now concerned was the matter against Carter and wife, who owed a note of two thousand dollars, with interest, and perhaps some taxes and insurance premiums, amounting, in all, at the time of the rendition of the decree appealed from, to about thirty-three hundred dollars.

Long after the *lis pendens* was filed, and after the decision of the case of *Wasson* v. *Martin* upon appeal in the Supreme Court, Martin made an assignment of the Carter note and mortgage to Dr. Thomas C. Watson.

Dr. Watson filed a separate suit on the note and mortgage to foreclose. The Bank Commissioner intervened in this suit, asserting the garnishment, and likewise asking for foreclosure. This proceeding brought by Watson was then consolidated for trial with that part of the original suit wherein the Bank Commissioner had proceeded against Martin and his wife to cancel the deed and assignment as fraudulent, and wherein garnishment proceedings were issued against Carter and wife.

A considerable record was made, but there is no real dispute as to actual facts. The record shows that Martin made this transfer, or assignment of the note and mortgage, as above stated long after the garnishment, and while these proceedings were still pending, and after his deed and assignment had been declared fraudulent and void as to creditors.

Watson does not claim to be an innocent purchaser of the note and mortgage. In fact, it is not in dispute that he had knowledge of all that had taken place in these legal controversies in regard to Martin's debts, conveyances and assignments. Dr. Watson was a tenant, living in one of Martin's houses, and was himself drawn into this litigation by garnishment proceedings served on him to subject his rent to seizure for payment on Martin's debts. He said he perhaps talked to forty people

about Martin's financial troubles, besides talking to Martin.

He was unwilling to state what he had paid upon the assignment of this instrument to him, saying it made no difference whether he paid thirty-five cents or thirty-five thousand dollars. Martin testified that he, himself, made the assignment. He did not mention his wife's name, or pretend that she had or claimed any interest at that time in the note and mortgage transferred to Dr. Watson. She did not testify in the matter, although she was still, nominally, at least, a party to the suit. The assignment made by Martin was one without recourse.

Upon trial the court rendered a decree in favor of the Bank Commissioner by foreclosing the mortgage upon Carter's property, dismissing Watson's complaint; but reformed the mortgage according to the prayer of Carter and his wife so that it included only a lot instead of six or seven acres as was described in the mortgage. The Bank Commissioner has not appealed from this ruling reforming the mortgage, and the only appeals for consideration here are the appeals of Dr. Watson and Mrs. Martin.

About fifteen days after this decree was rendered, Mrs. Martin filed what she called an intervention, reasserting her claim to the Carter note and mortgage, and pleading further that she had bought the Carter land from the Commissioner of State Lands, and held a deed to it, and asked for a new adjudication upon her rights as she then alleged them. The Bank Commissioner filed what was designated as a demurrer, however, it pleads certain final judgments and decrees rendered, and is perhaps more properly a motion to dismiss. The court dismissed Mrs. Martin's new intervention.

We will dispose of her contention first. We have already shown that she was a party to the litigation. She was inactive in this matter of foreclosure until after the decree had been rendered. Her only interest in this note and mortgage was taken by the fraudulent deed which was canceled. She was, therefore, without any standing in equity to assert any rights under the deed. From her

pleadings, however, it might have been assumed she may have had some rights in the property acquired by deed from the Commissioner of State Lands. She attached her deed, procured from the Commissioner of State Lands, and it has been made a part of the record. In it there was an attempt to transfer this property by a metes and bounds description. The closing point, however, of the line described in this deed is more than eleven hundred feet east and more than eight hundred feet south of the beginning point. There was, therefore, no conveyance, or interest granted by this deed. The announcement made in the case of *Wasson* v. *Martin,* in which she was a party, is the law of the case and effectively disposes of any other claim or right she attempts to assert.

Dr. Watson argues that, since this note was a negotiable instrument, the negotiable instrument law controls; and that as he took the note, duly indorsed to him without recourse, it drew with it the mortgage; that he has the right to foreclose, and the decree is, therefore, wrong. It is argued that although he took title by transfer from Martin, Martin was acting as agent of Mrs. Martin although the fact of agency was undisclosed. It already appears that Mrs. Martin had no title. If Martin be treated as having been the owner who transferred under the negotiable instruments law, that contention is barred by the same decree, which was one to subject Martin's property to the payment of his debts, and in the proceedings there had, a garnishment had been filed and a *lis pendens* notice warned Dr. Watson and all others of the nature of the proceedings.

In addition to the fact that Dr. Watson had constructive notice by the filing of this *lis pendens,* we think it may be fairly assumed that he had actual notice. He had talked and dealt with Martin, and he had information, no doubt, from others. However, actual notice was not necessary.

By reason of these suits by the Bank Commissioner for the creditors of the Benton Bank & Trust Company, and decrees therein rendered, new equities have arisen. Rights and interests have been declared by the several

decrees, and they may not be ignored.  *Swantz* v. *Pillow,* 50 Ark. 300, 7 S. W. 167, 7 Am. St. Rep. 98; *Burleson* v. *McDermott,* 57 Ark. 229, 21 S. W. 222; *Henry Wrape Co.* v. *Cox,* 122 Ark. 445, 183 S. W. 955; *Steele* v. *Robertson,* 75 Ark. 228, 87 S. W. 117; *Hudgins* v. *Schultice,* 118 Ark. 139, 175 S. W. 526; *Oil Fields Corp.* v. *Dashko,* 173 Ark. 533, 294 S. W. 25; *Jones* v. *Ainell,* 123 Ark. 532, 186 S. W. 65; *Richards* v. *Billingslea,* 170 Ark. 1100, 282 S. W. 985; *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, 269 S. W. 53; *Walker-Lucas-Hudson Oil Co.* v. *Hudson,* 168 Ark. 1098, 272 S. W. 836.

It appears, therefore, that there is no error.  Decree as to both appeals affirmed.