Darwin T. HALL and Mary M. HALL v. HAWKINS OIL & GAS, INC.

CA 85-321                                              715 S.W.2d 462

Court of Appeals of Arkansas
Division II
Opinion delivered September 17, 1986
[Rehearing denied October 22, 1986.]

*Loh, Massey & Yates, Ltd.*, by: *Howard C. Yates*, for appellant.

*Dorsey Ryan*, for appellee.

TOM GLAZE, Judge. Appellee, Hawkins Oil & Gas, Inc., brought suit against the appellants for recovery of money paid by mistake in excess of an agreed per-acre price for an oil and gas lease. The trial court found that the overpayment was not intentional but was the result of a mistake in the calculation of the number of acres and accordingly granted judgment for the appellee. We find the chancellor's ruling was in error and reverse.

Natural Energy Research, Inc., through its president, procured the subject oil and gas lease from the appellants. Natural Energy later assigned the lease to Hawkins Oil & Gas in consideration of the sum of money Natural Energy had paid appellants for it. The written lease agreement prepared by Natural Energy and executed by appellants recited that the land contained 390 acres when in fact it contained only 273.05 acres. The agreed price was $50.00 per acre.

The president of Natural Energy, a former abstracter and legal secretary, was familiar with legal descriptions. She initially had the real estate records checked by an employee, who discovered that the subject land contained 273.05 acres. Even though the correct acreage (273.05) was known, that same employee personally supervised the preparation of the lease which erroneously reflected 390 acres. After Natural Energy assigned the lease to appellee, the appellee discovered the error in acreage, causing it to file this lawsuit. At trial, the parties stipulated that appellants received $5,847.50 more than the

agreed consideration because of the error.[1] The trial court rendered judgment in that amount to appellee.

Appellants argue that, although they were unaware of the mistake, appellee had the opportunity to discover the error; therefore, appellee should bear the loss of the overpayment, because appellee's assignor and predecessor in title (Natural Energy) had full knowledge of the correct amount when the incorrect acreage was inserted in the lease. In *Northcross v. Miller*, 184 Ark. 463, 43 S.W.2d 734 (1931), and *Blackburn v. Texarkana Gas & Electric Co.*, 102 Ark. 152, 143 S.W. 588 (1912), the supreme court adopted the rule that one voluntarily paying a claim with knowledge of the facts or under such circumstances that he is affected with such knowledge cannot recover the payment on the ground that the claim was unenforceable. Although appellants argue otherwise, we believe the holdings in *Blackburn* and *Northcross* are controlling and the facts here fall squarely within the rule set out in those cases. In sum, the critical evidence in the present appeal is that Natural Energy had not only constructive but also actual knowledge of the correct acreage. Accordingly, we must reverse and dismiss this cause.

Reversed.

COOPER and CORBIN, JJ., agree.

---

[1] We note that Natural Energy Research, Inc., was not joined as a party below.